HON. JAMES L. ROBART

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY<br><br>Plaintiff,<br><br>v.<br><br>ENVIRONMENTAL PROTECTION AGENCY; GINA McCARTHY, ADMINISTRATOR; DENNIS McLERRAN, REGION 10 ADMINISTRATOR, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY<br><br>Defendants. | Case No: 13-cv-1866 JLR<br><br>**UNITED STATES' RESPONSE TO THE SCIENTISTS' MOTION TO FILE AMICUS BRIEF AND MOTION TO STRIKE REFERENCES TO EXTRA-RECORD MATERIALS IN THE SCIENTISTS' AMICUS BRIEF**<br><br>**NOTE ON MOTION CALENDAR:**<br>**September 26, 2014** |

United States' Response to Scientists' Motion to File Amicus Brief and Motion to Strike Extra-Record Materials From The Scientists' Amicus Brief No. 2:13-cv-01866 (JLR)

United States Department of Justice
Environment and Natural Resources Division
601 D Street, NW, Washington, D.C. 20004
Phone: (202) 616-7554

1

**INTRODUCTION**

Dr. Ken Caldeira and Dr. Jane Lubchenco ("the Scientists") filed a Motion for Leave of Court to File an *Amicus* Brief on August 29, 2014 [DCN 43].[1]  The United States does not oppose the participation of the Scientists as *amicus curiae*.  However, the Scientists' *amicus* brief relies upon materials that the Environmental Protection Agency ("EPA") did not consider in making the administrative decisions challenged in this case; accordingly, EPA did not include those materials in the administrative records that EPA assembled and certified.[2]  Because judicial review in this case is limited to the administrative records assembled and certified by EPA, the United States requests that all references to extra-record materials be stricken from the Scientists' *amicus* brief.[3]

---

[1] Pursuant to LCR 7(g), a motion to strike material contained in a brief is not to be filed as a separate motion, but, rather, is to be included in the responsive brief.  The Scientists' Motion was filed on August 28, 2014 and noted on the motion calendar for September 12, 2014, thus requiring any response to be filed on or before September 8, 2014.  LCR 7(d) (3).  However, the Court issued an Order granting the motion on September 3, 2014 [DCN 49].  As explained herein, the United States does not oppose the Scientists' motion for leave to file an amicus brief, but does object to the references to extra-record materials in that brief.  Therefore, we file this response to Scientists' motion for leave of court to file the amicus brief in order to raise the motion to strike.

[2] The United States filed the certified indices to the administrative records with this Court on March 27, 2014. [DCN 27].

[3] The extra record materials relied upon by the Scientists include: (1) Doney, Scott, *Oceans of Acid: How Fossil Fuels Could Destroy MarineEcosystems;* (2) Grossman, Elizabeth, *Northwest Oyster Die-offs Show Ocean Acidification Has Arrived.* Yale Environment 360 November 21, 2011; (3) Hettinger, A., E. Sanford, T. M. Hill, E. A. Lenz, A. D. Russell, and B. Gaylord. 2013. *Larval carry-over effects from ocean acidification persist in the natural environment. Global ChangeBiology;* (4) International Geo-sphere Biosphere Program *Ocean Acidification, Summary forPolicymakers, Third Symposium on Oceans in a High CO2 World*, (2013); (5) *Information Concerning 2014 Clean Water Act Sections 303(d), 305(b), and 314;* (6) Kroecker *et al.*, *Impacts of ocean acidification on marine organisms: quantifying sensitivities and interaction with warming*, Global Change Biology (2013); (7) Memorandum from Denise Keehner, Director

| United States' Response to Scientists' Motion to File Amicus Brief and Motion to Strike Extra-Record Materials From The Scientists' Amicus Brief  No. 2:13-cv-01866 (JLR) | United States Department of Justice Environment and Natural Resources Division 601 D Street, NW, Washington, D.C. 20004 Phone: (202) 616-7554 |
|---|---|

2

# ARGUMENT

## I.   Judicial Review is Limited to the Administrative Records.

The Administrative Procedure Act provides that judicial review of informal agency action is based on the administrative record before the agency.  5 U.S.C. § 706.  This fundamental principle of administrative law has been well established by the Supreme Court. *See, e.g.*, *Vermont Yankee Nuclear Power Corp. v. NRDC*, 435 U.S. 519, 549 (1978); *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985) ("[t]he task of the reviewing court is to apply the appropriate APA standard of review . . . to the agency decision based on the record the agency presents to the reviewing court."); *Camp v. Pitts*, 411 U.S. 138, 142 (1973) ("the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court"); *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (review of agency decisions "is to be based on the full administrative record that was before the [decisionmaker] at the time he made his decision"); *Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 169 (1962) (consideration of administrative action on the basis of extra-record material is "incompatible with the orderly functioning of the process of

---

Office of Wetlands, Oceans, and Watersheds to Water Division Directors Regions I-10, *Information Concerning 2014 Clean Water Act Sections 303(d), 305(b), and 314 Integrated Reporting and Listing Decisions* September 3, 2013; (8) NOAA, PMEL Carbon Program, *What is Ocean Acidification?* (9) Ocean Acidification in the Pacific Northwest; (10) Phys. Org, *Ocean acidification killing oysters by inhibiting shell formation, study finds;* (11) Tyler G. Evans *et al.*, Transcriptomic responses to ocean acidification in larval sea urchins from a naturally variable pH environment, Molecular Ecology (2013); (12) Waldbusser *et al.*, *A developmental and energetic basis linking larval oyster shell formation to acidification sensitivity;* (13) Wittmann, A.C., Pörtner, H.-O., *Sensitivities of extant animal taxa to ocean Acidification.*

United States' Response to Scientists' Motion to File
Amicus Brief and Motion to Strike Extra-Record
Materials From The Scientists' Amicus Brief
No. 2:13-cv-01866 (JLR)

United States Department of Justice
Environment and Natural Resources Division
601 D Street, NW, Washington, D.C. 20004
Phone: (202) 616-7554

3

judicial review" because it substitutes a new record for the one upon which the agency acted and imposes upon the courts the role assigned by Congress to the agency.)

The Ninth Circuit has also emphasized that "the task of the reviewing court is to apply the appropriate APA standard of review, 5 U.S.C. § 706, to the agency decision based on the record the agency presents to the reviewing court." *Friends of the Earth v. Hintz*, 800 F.2d 822, 829 (9th Cir. 1986) (quoting *Florida Power & Light*, 470 U.S. at 743-44); *Animal Defense Council v. Hodel*, 840 F.2d 1432, 1436 (9th Cir. 1988), amended by 867 F.2d 1244 (9th Cir. 1989) ("judicial review of agency action is limited to review of the administrative record"). *Accord*, *Southwest Center for Biological Diversity v. United States Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir. 1996); *Friends of the Clearwater v. Dombeck*, 222 F.3d 552, 560 (9th Cir. 2000).

The Ninth Circuit has recognized only four limited exceptions to the rule of record review. The Court may look beyond the administrative record only where: (1) additional information from the agency, in the form of affidavits or testimony, is necessary to explain the agency's action; (2) the agency has relied on documents or materials not included in the record; (3) supplementation of the record is necessary to explain technical terms or complex subject matter; or (4) plaintiff has made a strong showing of bad faith or improper behavior in the administrative process. *Animal Defense Council*, 840 F.2d at 1436-37; *Northcoast Envtl. Ctr. v. Glickman*, 136 F.3d 660, 665 (9th Cir. 1998); *Southwest Ctr. for Biological Diversity*, 100 F.3d at 1450; *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005). Review therefore is properly limited to the record, unless the party seeking to depart from the record can make a strong showing that the specific extra-record material falls within one of these exceptions. *Animal Defense Council*, 840 F.2d at 1436-38 (affirming district court decision to prohibit

United States' Response to Scientists' Motion to File
Amicus Brief and Motion to Strike Extra-Record
Materials From The Scientists' Amicus Brief
No. 2:13-cv-01866 (JLR)

United States Department of Justice
Environment and Natural Resources Division
601 D Street, NW, Washington, D.C. 20004
Phone: (202) 616-7554

4

consideration of extra-record material where plaintiff failed to provide adequate justification); *Havasupai Tribe v. Robertson*, 943 F.2d 32, 34 (9th Cir. 1991) (same).

The Scientists have referred to thirteen extra-record materials, as identified in note 3, *supra,* but have cited none of the recognized exceptions to justify their reliance on extra-record materials. None of the extra-record documents were considered, either directly or indirectly, by EPA when making the decisions that are challenged in this case. Because none of the documents are in the administrative records, and none of the recognized exceptions applies, all references to the thirteen identified extra-record documents should be stricken from the Scientists' *amicus* brief.

## II. The Scientists Have Applied An Incorrect Standard for Judicial Review.

The Scientists have offered none of the recognized exceptions to justify their reliance on extra-record materials. Rather, they seem to misapprehend the applicable standard governing judicial review of administrative decisions, asserting that the issue is whether EPA's decisions were based on "the best available science on the effects of OA" and arguing that "[t]he decision to list or not list must be based on the best *available* science" (Scientists Br. at 2, 5) (emphasis in original). However, the APA standard for judicial review allows the Court to consider only the information that was considered, directly or indirectly, by the decision maker. Neither the APA nor the Clean Water Act requires EPA to conduct a literature search and seek out all information that may be relevant. Rather, the Washington, Oregon and EPA reasonably rely upon their respective administrative processes for public participation. In this case, both States published a "data call" requesting the public to submit any relevant information. *See*, WA-000157, WA-000166, WA-000169, WA-00172, and OR1-000492. Both of the States published notice of the

United States' Response to Scientists' Motion to File
Amicus Brief and Motion to Strike Extra-Record
Materials From The Scientists' Amicus Brief
No. 2:13-cv-01866 (JLR)

United States Department of Justice
Environment and Natural Resources Division
601 D Street, NW, Washington, D.C. 20004
Phone: (202) 616-7554

proposed action, inviting comments from the public.  *See*, WA-000191, WA-000194, OR1-000168, OR1-000278, OR1-000427 and OR1-000485.

The proposed amicus brief submitted by the Scientists relies upon a dozen studies that were not presented to either of the States or to EPA for consideration, and thus were not included in the administrative records.  The Scientists had a full opportunity to present such information to the States and to EPA during the administrative process and, had they done so, the information would have been considered and addressed.  Having failed to provide the States or EPA with the information, the information cannot now be used to challenge EPA's decisions.

### III.   The Court Should Strike All Extra-Record Materials That Post-Date the Decisions.

Most of the extra-record documents relied upon by the Scientists – eleven of the thirteen documents - were not even available in 2012 when EPA made the challenged decisions and so could not have been considered by EPA.[4]  It is not appropriate for either party to rely on post-decisional information as a basis either for attacking or defending the Agency's decision.  *Assn of Pac. Fisheries v. EPA*, 615 F.2d 794, 811-12 (9th Cir. 1980).

The Scientists acknowledge the general rule against supplementation of the administrative record with such materials, but suggest that "courts have made exceptions in some cases" (Scientists' Br. at 10, n.27), citing *Esch v Yeutter*, 876 F.2d 976, 991 (D.C. Cir. 1989).  Reliance on *Esch* is misplaced, however, because the Ninth Circuit has not adopted the narrow exception that was recognized by the D.C. Circuit in *Esch* and, in any event, that exemption

---

[4] The Scientists acknowledge only that one of the extra-record documents post-dates the decisions, citing Tyler G. Evans *et al.*, *Transcriptomic responses to ocean acidification in larval sea urchins from a naturally variable pH environment*, published in Molecular Ecology in 2013 (Scientists Br. at 10).  However, EPA's review of the extra-record documents reveals that ten others were also published for the first time after the date of the decisions.  In some instances, the date of publication is evident in the title of the referenced document and reflected in the Scientists' list of "other authorities" (Scientists' Br. at ii-iii).

United States' Response to Scientists' Motion to File
Amicus Brief and Motion to Strike Extra-Record
Materials From The Scientists' Amicus Brief
No. 2:13-cv-01866 (JLR)

United States Department of Justice
Environment and Natural Resources Division
601 D Street, NW, Washington, D.C. 20004
Phone: (202) 616-7554

would not apply in this case. The exception in *Esch* was applied to correct procedural deficiencies in the administrative proceedings that had prevented extra-record information from being presented to the agency. *Id.* at 992-93. The *Esch* court explained that the exception would not apply "when the substantive soundness of the agency's decision is under scrutiny." *Esch,* 876 F.2d at 991 (recognizing that "the familiar rule that judicial review of agency action is normally to be confined to the administrative record . . . exerts maximum force when the substantive soundness of the agency's decision is under scrutiny.") The Ninth Circuit has embraced that principle: in no case is it proper for the district court to "[consider] . . . [extra-record] evidence to determine the correctness or wisdom of the agency's decision . . ., even if the court has also examined the administrative record." *Asarco, Inc. v. EPA*, 616 F.2d 1153, 1160 (9th Cir. 1980). Because the Complaint in this case challenges EPA's substantive decisions, there is no justification for considering the extra-record materials. Accordingly, the Court should strike from the amicus brief all of the extra-record material that was not before the EPA at the time the decisions were made.

**IV.     The Extra-Record Material Presents Unnecessary Risk of Confusion.**

The need to limit review to the administrative record and exclude post-decisional documents is particularly important in this case because not only would the consideration of extra-record materials run afoul of the principals of record review, but it would also increase the risk of confusion of the issues before the Court. As EPA has explained in its Cross-Motion for Summary Judgment [DCN 34], the decisions were based on the information available to EPA at the time the decisions were made in 2012, specifically December 21, 2012 in relation to Washington's List [WA-000001-2] and December 14, 2012 in relation to Oregon's List [OR2-000001-2]. Potentially relevant and applicable science has continued to evolve since that time,

United States' Response to Scientists' Motion to File
Amicus Brief and Motion to Strike Extra-Record
Materials From The Scientists' Amicus Brief
No. 2:13-cv-01866 (JLR)

United States Department of Justice
Environment and Natural Resources Division
601 D Street, NW, Washington, D.C. 20004
Phone: (202) 616-7554

and more is known today about the effects of ocean acidification than was known just a few years ago when the challenged decisions were made.  The information referenced by the Scientists may be appropriate for the States to consider when they next update their respective CWA Section 303(d) Lists, and for EPA to consider when it reviews the State submissions.  However, the issue for review now before this Court is whether EPA acted reasonably based on the information before it at the time EPA made the challenged decisions; specifically, whether the data and information in the administrative records support EPA's decisions that there was insufficient information to require listing of additional waters as impaired for non-attainment of applicable water quality standards due to pollutants associated with or conditions attributable to ocean acidification.  The additional information proffered by the *amicus* Scientists is not relevant to that issue.  By presenting irrelevant information that was not considered by EPA, the Scientists encourage the Court to consider information that is not relevant and therefore should not be considered.

In sum, the extra-record materials are irrelevant and threaten to confuse the issues that are properly before the Court.  Such information should not be considered by this Court.

## CONCLUSION

For the forgoing reasons, the United States requests that all references to the extra-record materials, and the text related to such references, be stricken from the *amicus* brief submitted by the Scientists or, in the alternative, that the *amicus* brief be not allowed.

DATED: September 5, 2014

                                    Respectfully submitted,

                                    SAM HIRSCH
                                  Acting Assistant Attorney General

United States' Response to Scientists' Motion to File Amicus Brief and Motion to Strike Extra-Record Materials From The Scientists' Amicus Brief
No. 2:13-cv-01866 (JLR)

United States Department of Justice
Environment and Natural Resources Division
601 D Street, NW, Washington, D.C. 20004
Phone: (202) 616-7554

8

Environment and Natural Resources Division

/s/
CYNTHIA J. MORRIS
United States Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
Telephone:  (202) 616-7554
Facsimile:  (202) 514-8865
Email: c.j.morris@usdoj.gov

JENNY A. DURKAN
United States Attorney


BRIAN C. KIPNIS
Assistant United States Attorney
Western District of Washington
Office of the United States Attorney for the Western District of Washington
5220 United States Court House
700 Stewart Street
Seattle, WA   98101
Telephone: (206) 553-7970
Email: brian.kipnis@usdoj.gov

OF COUNSEL:

Steven Sweeney
Office of General Counsel
U.S. Environmental Protection Agency
William Jefferson Clinton Building
1200 Pennsylvania Ave. NW
Washington D.C. 20460

Lori Houck Cora,
Assistant Regional Counsel
U.S. Environmental Protection Agency, Region 10
1200 Sixth Avenue, Ste. 900
Seattle, Washington 98101
WA Bar # 28051

| United States' Response to Scientists' Motion to File Amicus Brief and Motion to Strike Extra-Record Materials From The Scientists' Amicus Brief<br>No. 2:13-cv-01866 (JLR) | United States Department of Justice<br>Environment and Natural Resources Division<br>601 D Street, NW, Washington, D.C. 20004<br>Phone: (202) 616-7554 |
|---|---|

9

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of September, 2014, I filed the foregoing United States' Response to the Scientists' Motion to File *Amicus* Brief and Motion to Strike References to Extra-Record Materials in the Scientists' *Amicus* Brief with the Clerk of Court using the CM/ECF system which will cause a copy to be served upon counsel of record.

_____/s/_____

Cynthia J. Morris

United States' Response to Scientists' Motion to File
Amicus Brief and Motion to Strike Extra-Record
Materials From The Scientists' Amicus Brief
No. 2:13-cv-01866 (JLR)

United States Department of Justice
Environment and Natural Resources Division
601 D Street, NW, Washington, D.C. 20004
Phone: (202) 616-7554

10